[L. A. No. 7309.   In Bank.—March 23, 1923.]

AUGUSTA E. BUELKE, Special Administratrix, etc., Respondent, v. NAT LEVENSTADT et al., Appellants.

[1] NEGLIGENCE—ONE IN LOCO PARENTIS—LIABILITY FOR NEGLIGENCE OF MINOR—SIGNING APPLICATION FOR LICENSE—MOTOR VEHICLE ACT.—One who stands *in loco parentis* to a minor and signs, as "father," an application to the motor vehicle department for a license to permit such minor to operate an automobile, is liable for the negligent operation by the minor of an automobile on the public highway, under section 24 of the Motor Vehicle Act (Stats. 1919, p. 225), which imputes the negligence of a minor to the person who shall have signed his application for a license.

[2] ID. — MOTOR VEHICLE ACT — CONSTITUTIONALITY OF — TITLE.—The portion of section 24 of the Motor Vehicle Act imputing the negligence of a minor in operating an automobile on the public highway to one signing his application for a license is not violative of section 24 of article IV of the state constitution, which provides that every act shall embrace but one subject, which subject shall be embodied in its title.

[3] CONSTITUTIONAL LAW — TITLE — REQUIREMENTS.— All that section 24 of article IV of the state constitution, providing that every act shall embrace but one subject, which shall be embodied in its title, requires is, that the subject must be in some way indicated by the title of the act, or be logically germane to it, and included within its scope.

[4] ID.—MOTOR VEHICLE ACT—UNIFORM AND GENERAL PROVISIONS.— The provision of the Motor Vehicle Act for licensing minors to operate automobiles and imputing the negligence of the minor therein to one signing his application for such license is not unconstitutional in being unreasonable and discriminatory, and not uniform and general in its application.

APPEAL from a judgment of the Superior Court of Los Angeles County.   Paul J. McCormick, Judge.   Affirmed.

The facts are stated in the opinion of the court.

Jennings & Belcher for Appellants.

Duke Stone and Perry F. Backus for Respondent.

---

1.  Liability of parent owning car for acts of child driver, notes, Ann. Cas. 1914C, 1091; Ann. Cas. 1916A, 661; Ann. Cas. 1917D, 1002; Ann. Cas. 1918E, 1146; 16 A. L. R. 274.

WASTE, J.—The plaintiff, as administratrix of the estate of her deceased husband, brought this action to recover for injuries resulting in the death of the decedent and caused by the negligent operation of a motor vehicle by defendant Nat Levenstadt, a minor. The automobile was owned by defendant Morris Levenstadt, uncle of Nat, whose relation to the boy was that of *in loco parentis,* and who, in order that Nat might procure a license to operate a motor vehicle, had signed the required application therefor. At the time of the accident the uncle was not present, and the boy was engaged upon an independent mission of his own. Special issues were submitted to the jury upon the answers to which the court entered judgment in plaintiff's favor, and against both defendants, who have appealed.

It is admitted at the outset of the presentation of the appeal that, as to the defendant Nat Levenstadt, the evidence of negligence was conflicting, and that as to him there is no just ground for reversal. We shall therefore disregard him in the discussion of the case, and shall refer to the defendant Morris Levenstadt as the appellant. He was held liable solely by reason of the provisions of section 24 of the Motor Vehicle Act of 1915 (Stats. 1915, p. 411, as amended by Stats. 1919, p. 223), which provides for the licensing of persons operating motor vehicles, and imputes the negligence of a minor in the operation of an automobile upon the public highway to the person who shall have signed the application of such minor for such license. The section provides in brief that it shall be unlawful for any person to operate or drive such vehicle upon the public highways unless licensed by the motor vehicle department of the state. The concluding portion, the part germane to this discussion, is as follows: "provided, that it shall be unlawful for any person to cause or knowingly to permit his or her child, ward or employee to operate or drive a motor vehicle upon the public highway, whether as a chauffeur or operator, without having first obtained such license as is hereinbefore specified; provided, that the application to the department of a minor to operate or drive a motor vehicle, whether as chauffeur or operator, shall not be granted by the department unless the parent or parents having the custody of such applicant or the guardian of such applicant shall have joined in said application by signing the same;

and provided, further, that any negligence of a minor, so licensed, in operating or driving a motor vehicle upon the public highway, whether as chauffeur or operator, shall be imputed to the person or persons who shall have signed the application of such minor for said license, which person or persons shall be jointly and severally liable with such minor for any damages caused by such negligence."

[1] Appellant's first contention is that, as he is neither the parent nor guardian of Nat Levenstadt, he is not one of the persons required by the statute to sign a minor's application, and is, therefore, a mere volunteer, who cannot be held liable under the provisions of the act. To sustain such contention would be to countenance a fraud upon the people of the state. In order to procure a license for his minor nephew, appellant joined in the application of the boy to the motor vehicle department of California, in which he gave his relationship to the minor as "father." Upon the faith of this guarantee the license to the minor was issued. The evidence shows that Nat's parents died when he was twelve years of age. His sister and he then went to live with their uncle, this appellant, who had no children of his own, and the record conclusively establishes that from that time on appellant stood in the relation of *in loco parentis* to both children. He conducted a grocery-store and owned a delivery truck for use in his business. Nat drove this truck for him. He testified that "no one else had anything to do with the driving of the truck except Nat." For these services appellant paid the boy, who was about nineteen years of age, eight dollars a week and his board. Had appellant permitted Nat, regarded either as a son or as an employee, to operate or drive a motor vehicle upon the public highway without first having obtained a license as required by the act, he would have been guilty of a misdemeanor. In order to avail himself of Nat's services he was compelled by law to join with the minor in the application to the department for the proper license. He did so, misrepresenting his relationship to the applicant. It is quite apparent why he did so, and we are not constrained to assist him in evading the liability he assumed over his own signature, by any nicety of construction or regard for technical use of words.

But, aside from this attitude, it is the well-settled law that one standing *in loco parentis* to those held out as members of his family is entitled to all the rights of a parent. (*Whitaker* v. *Warren,* 60 N. H. 20 [49 Am. Rep. 302].) He also incurs the same liability with respect to them that he is under to his own children. (*Starkie* v. *Perry,* 71 Cal. 495, 497 [12 Pac. 508]; *Larsen* v. *Hansen,* 74 Cal. 320, 322 [16 Pac. 5].) The relation being established, the reciprocal rights, duties, and obligations pertaining to it arise between them the same as if he was their natural father. (*Eickhoff* v. *Sedalia etc. Ry. Co.,* 106 Mo. App. 541, 544 [80 S. W. 966]; 1 Schouler's Domestic Relations, 6th ed., secs. 686, 687.) We see no reason, therefore, why one standing in such relation may not voluntarily assume the liability imposed by the statute in the same manner and with like effect as though he were a natural father.

[2] It is next contended that the portion of section 24 of the Motor Vehicle Act under consideration is violative of section 24 of article IV of the state constitution, which provides that "every act shall embrace but one subject, which subject shall be embodied in its title." [3] All that is required in that connection is that the subject must be in some way indicated by the title of the act, or be logically germane to it, and included within its scope. (*Pratt* v. *Browne,* 135 Cal. 649, 653 [67 Pac. 1082].) As said in another case, there must be a reasonably intelligent reference to the subject to which the legislation of the act is addressed. (*Estate of McPhee,* 154 Cal. 385, 389 [97 Pac. 878].) Numerous provisions having one general object, fairly indicated by the title of the act, may be united. The general purpose of the statute being declared the details provided for its accomplishment will be regarded as necessary incidents. (*Ex parte Liddell,* 93 Cal. 633, 637 [29 Pac. 251].) The title of the Motor Vehicle Act declares that it is one enacted (among other things) "to regulate the use and operation of vehicles upon the public highways and elsewhere; . . . to provide for the licensing of persons operating motor vehicles; to prohibit certain persons from operating vehicles upon the public highways." The mere statement of appellant's objection is sufficient to refute it. While the provision declaring upon what terms and conditions minors

may be licensed to operate motor vehicles is not carried in the title, the subject is germane to the general subject there expressed, and forms a part of the comprehensive scheme provided. It is an appropriate method of effecting one of the main objects of the law. (*Robinson* v. *Kerrigan,* 151 Cal. 40, 50 [121 Am. St. Rep. 90, 12 Ann. Cas. 829, 90 Pac. 129]; *Pritchard* v. *Whitney Estate Co.,* 164 Cal. 564, 567 [129 Pac. 989].)

[4] Appellant's final contention is that the provision of the act is unconstitutional because it is unreasonable and discriminatory, and is not uniform and general in its application. The application of the law to minors in a class by themselves is not unreasonable or arbitrary. The argument that the law attempts to put into a class by themselves all minors, irrespective of their age, experience, ability to drive, or their financial responsibility, is one that should be presented to the legislative department and not to the courts. (*In re Stork,* 167 Cal. 294, 296 [139 Pac. 684].) While some minors are more apt at learning to run motor vehicles than others—possibly more apt than many adults—the fact remains that they are minors. They are in position to be, and in a vast number of cases are, entrusted with the control and operation of motor vehicles upon the public highways. While an automobile is not, in and of itself, a dangerous machine, it may become such in the hands of a careless and indiscreet person. The statute prohibiting the operation of motor vehicles upon the public highways by minors, without their first having obtained licenses which can only be procured upon an assumption of liability for their negligence by parent or guardian, is in effect a determination by the legislature that minors have not that discretion and judgment which entitles them to unrestrained permission to operate such vehicles upon the public thoroughfares, freed from all parental liability for their negligence except in those cases where it can be established that they are acting as the agent or servant of the owner of the car causing an injury. (*Daily* v. *Maxwell,* 152 Mo. App. 415, 425 [133 S. W. 351].) The legislature no doubt had in mind the fact that the authorities are in accord in holding that, as a general rule, in an action based on the negligent running of an automobile the owner of the car who was not present at the infliction of the injury cannot be

held liable except it be shown that the person in charge not only was the agent or servant of the owner, but also was engaged at the time in the business of his service. (*Daily* v. *Maxwell, supra; Bryant* v. *Pacific Elec. Ry. Co.,* 174 Cal. 737, 742 [164 Pac. 385].) In this state it is now firmly established, also, that in the absence of a statute creating a liability, the rule applies when the driver is a minor child, and the father is the owner of the car, and all courts recognize the general rule that a parent is not liable for the torts of his child. (*Spence* v. *Fisher,* 184 Cal. 209, 211, 212 [14 A. L. R. 1083, 193 Pac. 255].)

We may assume, also, that the law-making body was fully cognizant of another rule of law relating to the torts of minors, which is somewhat in the nature of an exception, and that is that a parent may become liable for an injury caused by the child where the parent's negligence made it possible for the child to cause the injury complained of, and probable that it would do so. (*Schultz* v. *Morrison,* 91 Misc. Rep. 248 [154 N. Y. Supp. 257, 258]; *Hoverson* v. *Noker,* 60 Wis. 511, 514 [50 Am. Rep. 381, 19 N. W. 382]; *Chaddock* v. *Plummer,* 88 Mich. 225 [26 Am. St. Rep. 283, 14 L. R. A. 675, 50 N. W. 135].) This liability is based upon the rules of negligence rather than on the relation of parent and child (*Doran* v. *Thomsen,* 76 N. J. L. 754, 760 [131 Am. St. Rep. 677, 19 L. R. A. (N. S.) 335, 71 Atl. 296]), and finds support in the direct relation of cause and effect. (*Elmendorf* v. *Clark,* 143 La. 971 [L. R. A. 1918F, 802, 79 South. 557].) In the case of an injury by an automobile, the liability rests not alone upon the fact of ownership, but upon the combined negligence of the driver in the operation of the automobile, and of the owner in entrusting the machine to an incompetent driver. (Berry on Automobiles, 2d ed., sec. 603; *Parker* v. *Wilson,* 179 Ala. 361, 371 [43 L. R. A. (N. S.) 87, 60 South. 150].)

The legislature has now declared that under a given state of facts a liability exists where none existed before. The right of action here provided for is, in effect, a modification of the common-law rule exempting a parent from liability for the torts of his minor child, joined with the other rule that a parent may become liable for an injury caused by the child, and made possible, and probable, through the parent's negligence. Its creation does no violence to the

provision of the constitution (art. I, sec. 11) requiring general laws to have uniform operation, nor that (art. I, sec. 21) forbidding a grant of special privileges to one citizen, or class of citizens, which are not given on the same terms to all. (*Pritchard* v. *Whitney,* 164 Cal. 564, 568 [129 Pac. 989].)

The objection that the law attempts to create a liability on the part of a parent or guardian signing a minor's application, without regard to any inherent liability of such parent or guardian, and without regard to their negligence or fault, is answered by what we have already said. The statute involved in *Daugherty* v. *Thomas,* 174 Mich. 371 [Ann. Cas. 1915A, 1163, 45 L. R. A. (N. S.) 699, 140 N. W. 615], so strongly relied upon by the appellant, is not the same as the one here. The court there had under review an act of the legislature which made the owner of an automobile liable for any injury caused by the negligent operation of his car by any person who might obtain possession of it, even though it be without his consent or knowledge. In declaring such provision repugnant to the constitution, the court said, at page 379, it was not then dealing with "the question of the responsibility, be it moral or otherwise, of the owner of an automobile who has placed it in the hands of an irresponsible person to use."

The judgment is affirmed.

Lennon, J., Kerrigan, J., Lawlor, J., Seawell, J., Myers, J., and Wilbur, C. J., concurred.